UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-282(2) (PJS/ECW)

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  **ORDER OF DETENTION**

VICTOR DEVON EDWARDS,

    Defendant.

This matter came before the Court on December 14, 2020, for an arraignment and detention hearing. The Defendant Victor Devon Edwards appeared in custody and was represented by his appointed counsel, Catherine Turner. The United States was represented by Assistant United States Attorney Chelsea A. Walcker. The hearing was held via video teleconference ("VTC") due to the COVID-19 pandemic. Mr. Edwards was informed of his right to an in-person hearing, but consented to the hearing proceeding via VTC.

Mr. Edwards is presently charged by indictment with conspiracy to commit arson, in violation of 18 U.S.C. §§ 371 and 844(i). At the hearing, the United States made an oral motion to detain Mr. Edwards based upon the danger he presents to the community and his risk of nonappearance. Counsel for both parties presented arguments related to detention. U.S. Probation and

Pretrial Services prepared a bond report recommending that Mr. Edwards be detained pending trial.

As described below, after considering the record before the Court, including the Pretrial Services bond report, the exhibits introduced by the United States, and the arguments by counsel, and considering the factors set forth in 18 U.S.C. § 3142(g), the Court granted the United States' motion for pretrial detention.

**FINDINGS OF FACT**

1. On November 4, 2020, Mr. Edwards was charged by criminal complaint with aiding and abetting arson, in violation of 18 U.S.C. §§ 844(i) and 2. The charges concern Mr. Edwards' alleged conduct on August 26, 2020, at the Target headquarters building located at 1000 Nicollet Mall in Minneapolis, Minnesota.

2. On December 10, 2020, Mr. Edwards was arrested pursuant to the November 4, 2020 warrant. Mr. Edwards made his initial appearance that afternoon.

3. On December 10, 2020, Mr. Edwards was charged by indictment with conspiracy to commit arson, in violation of 18 U.S.C. §§ 371 and 844(i).

4. The United States Probation and Pretrial Office (USPO) prepared a bond report recommending that Mr. Edwards remain in custody during the pendency of the case against him. The USPO's recommendation was based on

their assessment that Mr. Edwards presents a serious danger to the community and a significant risk of nonappearance.

5. On December 14, 2020, the United States made an oral motion to detain Mr. Edwards based both upon the danger he presents to the community and his risk of nonappearance. Counsel for both parties presented arguments related to detention.

6. The facts and circumstances of the crime with which Mr. Edwards is charged is serious. It is alleged that on August 26, 2020, Mr. Edwards conspired with others to cause fire damage to the Target headquarters building. There is substantial evidence that Mr. Edwards was involved in the alleged conduct in the indictment, and if convicted, he faces significant consequences.

7. The Pretrial Services bond report indicates that Mr. Edwards has numerous prior criminal convictions, including two recent felony convictions. These convictions include a felony conviction for third-degree criminal sexual conduct in August 2016 in Hennepin County. Mr. Edwards' record also includes numerous misdemeanor and gross misdemeanor convictions.

8. Mr. Edwards' record of noncompliance with his supervision is voluminous. Mr. Edwards has numerous documented probation violations.

9. Mr. Edwards has a demonstrated record of failing to appear for prior criminal proceedings. Specifically, Mr. Edwards has failed to appear in court on at least twelve occasions.

10. The United States presented evidence that Mr. Edwards is not in compliance with his lifetime predatory offender registration requirements. According to his arrest report, at the time of his arrest, Mr. Edwards was not residing at any of his known residences and was not employed by the employer, Lake Region Storage, that he provided to his probation officer.

11. Mr. Edwards was on probation for two separate felony offenses at the time he allegedly committed the instant offense. He also was on probation at the time of his arrest, when he is alleged to have been found in possession of narcotics and driving on a cancelled license, allegedly in violation of the terms of his felony probation.

## **CONCLUSIONS OF LAW**

Based on the foregoing, the Court makes the following conclusions of law:

12. The burden is on the United States to show by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if he is released, or by a preponderance of the evidence that releasing him will create a risk of his nonappearance. *See* 18 U.S.C. § 3142(f).

13. Based on the record before the Court, including the exhibits presented at the hearing, the Pretrial Services bond report, and the arguments of counsel, and considering the factors outlined in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure Mr. Edwards' appearance as required for future proceedings, or the safety of the community should he be released pending trial. *See United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing that either danger to the community or risk of nonappearance is sufficient to authorize detention).

14. Based on the foregoing, the Court concludes, pursuant to 18 U.S.C. § 3142(e), that detention is appropriate.

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 18 U.S.C. § 3142(e), the United States' motion for detention without bond is **GRANTED**;

2. Mr. Edwards is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Mr. Edwards shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon order of the Court, the person in charge of the correctional facility in which Mr. Edwards is confined shall deliver him to the United States

Marshal for the purpose of appearance in connection with all court proceedings.


Dated:  December 21, 2020	*s/ Katherine M. Menendez*
	The Honorable Katherine M. Menendez
	United States Magistrate Judge