# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,
                Case No. 20-cr-282 (PJS/ECW)

        Plaintiff,

    v.
                      **ORDER**

Victor Devon Edwards (2),

        Defendants.

This case is before the Court on the Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (Dkt. 29); Defendant Victor Devon Edwards's Motion for Additional Discovery (Dkt. 42); Defendant Victor Devon Edwards's Motion for Disclosure of Statements of Co-Defendants of Unindicted Alleged Co-Conspirators (Dkt. 43); Defendant Victor Devon Edwards's Motion for Discovery of Impeaching Information and Exculpatory Evidence (Dkt. 44); Defendant Victor Devon Edwards's Motion for Government's Agents to Retain Rough Notes (Dkt. 45); Defendant Victor Devon Edwards's Motion for Grand Jury Transcripts (Dkt. 46); Defendant Victor Devon Edwards's Motion for Counsel to Participate in Voir Dire (Dkt. 47); Defendant Victor Devon Edwards's Motion for Discovery of Expert Under Rule 16 (Dkt. 48); the Government's request to conduct a *Lafler-Frye* hearing; and Defendant's oral request for a furlough to attend his aunt's funeral.

Chelsea A. Walcker appeared on behalf of the Unites States of America. Catherine L. Turner appeared on behalf of Defendant Victor Devon Edwards, who also appeared at the hearing via Zoom for Government.  Defendant consented to conducting the motions hearing via Zoom for Government.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.      The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (Dkt. 29) is **GRANTED** as unopposed.

2.      Defendant Victor Devon Edwards's Motion for Additional Discovery (Dkt. 42) is **GRANTED IN PART** and **DENIED IN PART**.  The Government represents that it has complied with its obligations under Rule 16 with respect to materials its possession, and will continue to do so, including known video surveillance footage and still images in its possession from the interior of the Target Headquarters building during the relevant timeframe on August 26, 2020.  (Dkt. 75 at 3.)  The Government shall comply with its discovery obligations under Rule 16.

3.      Defendant Victor Devon Edwards's Motion for Disclosure of Statements of Co-Defendants of Unindicted Alleged Co-Conspirators (Dkt. 43) is **DENIED**.  Edwards moves the Court for an order pursuant to *Bruton v. Unites States*, 391 U.S. 123 (1968), and Rule 16(c) of the Federal Rules of Evidence for disclosure of the Government's intent to use co-defendant or unindicted co-conspirator statements at trial, and granting leave to bring further motions as necessary.  As a starting point, Rule 16(c) only pertains to supplementation of discovery required under Rule 16.  The Court assumes that

Edwards is referring to Rule 16(a) of the Federal Rules of Criminal Procedure. Rule 16(a)(1)(A) provides in relevant part that "[u]pon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement **made by the defendant** . . . ." (emphasis added). The plain language of the Rule applies only to statements made by the defendant and not co-defendants. *See United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990) (holding that Rule 16 does not allow the discovery of statements other than those of the defendant); *see also United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992) (Rule 16 "stresses that only 'statements made by the defendant' are discoverable."); *United States v. Collins*, 652 F.2d 735, 738 (8th Cir. 1981), *cert. denied*, 455 U.S. 906 (1982) (providing that Rule 16 does not authorize the discovery or inspection of statements made by government witnesses, including those made by a co-conspirator). Therefore, the Court denies Edwards's motion to the extent that it seeks pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator under Rule 16. Edwards's suggestion that *Bruton* requires disclosure of statements by codefendants is also rejected. *Bruton* addresses the issue of admission of a co-conspirator's statement at trial, where the co-conspirator's admission was hearsay as it related to the defendant, and not whether the statement was discoverable by the defendant. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). Although *Bruton* may raise some potential issues to be considered during trial, it does not require pretrial disclosure of statements made by co-defendants or co-conspirators.

4.     Defendant Victor Devon Edwards's Motion for Discovery of Impeaching Information and Exculpatory Evidence (Dkt. 44) is **DENIED IN PART** as moot based on the Government's representation that it will comply with its duty to disclose materials covered by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.  The Motion is **GRANTED IN PART** insofar as within 10 days of the date of this Order the Government must disclose all *Brady*/*Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady*/*Giglio* information not previously disclosed.  Similarly, the Government will only have the obligation to produce prior testimony by an expert witness or personnel information of law enforcement witness, as requested by Defendant, to the extent that the information falls within the ambit of *Brady*/*Giglio* or their progeny.

5.     Defendant Victor Devon Edwards's Motion for Government's Agents to Retain Rough Notes (Dkt. 45) is **GRANTED** to the extent that the Government in its written submission (Dkt. 75 at 5) has represented that it does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes and has already instructed the officials to do so.  The Motion is **DENIED** to the extent that Defendant seeks production of rough notes at this time.

6.     Defendant Victor Devon Edwards's Motion for Grand Jury Transcripts (Dkt. 46) is **GRANTED IN PART AND DENIED IN PART**. According to the United States Supreme Court, there is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts."  *United States v. Proctor & Gamble Co.*,

356 U.S. 677, 681 (1958) (citations omitted).  A defendant must allege a "particularized need" with support for the records.  *See United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994) (citing Fed. R. Crim. P. 6(e)(3)(C)(ii)).  For example, a court may authorize disclosure of grand jury transcripts where a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury...."  Fed. R. Crim. P. 6(e)(3)(E)(ii).  A bare allegation that grand jury records are necessary does not satisfy "particularized need" requirement.  *See Warren*, 16 F.3d at 253.  Edwards has made no showing of a particularized need for the grand jury transcripts.  However, the Government will produce any grand jury transcripts for any witness it intends to call at trial.  The Government has represented that it will voluntarily produce any such transcripts within three (3) working days before commencement of trial with its voluntary production of Jencks Act material.

7.      Defendant Victor Devon Edwards's Motion for Counsel to Participate in Voir Dire (Dkt. 47) is **DENIED** without prejudice as premature.

8.      Defendant Victor Devon Edwards's Motion for Discovery of Expert Under Rule 16 (Dkt. 48) is **GRANTED** insofar as the parties will disclose initial Rule 16(a)(1)(G) evidence 30 days before trial and rebuttal evidence shall be disclosed 10 days later.

9.      The Government's request to conduct a *Lafler-Frye* was granted only to the extent that the Court allowed the Government to make a statement on the record at the February 18, 2021 hearing, which it chose not to do at this time.  The Court denied any inquiry or questioning of Defendant regarding the plea.  If the Government believes any

additional steps are necessary and appropriate, it should direct its request to United States District Judge Patrick J. Schiltz.

     10.    To the extent that Defendant seeks a furlough, that request should be made in writing, detailing the request for temporary release.

DATED: February 18, 2021        *s/Elizabeth Cowan Wright*
                                     ELIZABETH COWAN WRIGHT
                                     United States Magistrate Judge