UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-282 (PJS/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Victor Devon Edwards (2), | |
| Defendant. | |

This case is before the Court on Defendant Victor Devon Edwards' ("Defendant") Motion to Address Issue of Detention (Dkt. 90). Plaintiff United States of America ("the Government") opposes the Motion. (*See* Dkt. 95.) For the reasons stated below, the Motion is denied.

## I.   BACKGROUND

On November 4, 2020, Defendant was charged by criminal complaint with aiding and abetting arson in violation of 18 U.S.C. §§ 2 and 844(i). (Dkt. 1.) Defendant made his initial appearance on December 10, 2020, at which the Government sought detention and U.S. Magistrate Judge Katherine M. Menendez ordered Defendant temporarily detained pending a detention hearing. (Dkt. 3.) Also on December 10, 2020, Defendant was indicted, along with co-defendants Shador Tommie Cortez Jackson and Leroy Lemonte Perry Williams, on a count of Conspiracy to Commit Arson in violation of 18 U.S.C. §§ 371 and 844(i). (Dkt. 22.)

Judge Menendez held the detention hearing on December 14, 2020, granted the Government's motion for pretrial detention, and ordered Defendant detained on grounds of risk of nonappearance and danger to the community. (Dkts. 27, 32.) The Order that issued on December 21, 2020 ("December 21 Order") set forth the following Findings of Fact:

> 1. On November 4, 2020, Mr. Edwards was charged by criminal complaint with aiding and abetting arson, in violation of 18 U.S.C. §§ 844(i) and 2. The charges concern Mr. Edwards' alleged conduct on August 26, 2020, at the Target headquarters building located at 1000 Nicollet Mall in Minneapolis, Minnesota.
>
> 2. On December 10, 2020, Mr. Edwards was arrested pursuant to the November 4, 2020 warrant. Mr. Edwards made his initial appearance that afternoon.
>
> 3. On December 10, 2020, Mr. Edwards was charged by indictment with conspiracy to commit arson, in violation of 18 U.S.C. §§ 371 and 844(i).
>
> 4. The United States Probation and Pretrial Office (USPO) prepared a bond report recommending that Mr. Edwards remain in custody during the pendency of the case against him. The USPO's recommendation was based on their assessment that Mr. Edwards presents a serious danger to the community and a significant risk of nonappearance.
>
> 5. On December 14, 2020, the United States made an oral motion to detain Mr. Edwards based both upon the danger he presents to the community and his risk of nonappearance. Counsel for both parties presented arguments related to detention.
>
> 6. The facts and circumstances of the crime with which Mr. Edwards is charged is serious. It is alleged that on August 26, 2020, Mr. Edwards conspired with others to cause fire damage to the Target headquarters building. There is substantial evidence that Mr. Edwards was involved in the alleged conduct in the indictment, and if convicted, he faces significant consequences.
>
> 7. The Pretrial Services bond report indicates that Mr. Edwards has numerous prior criminal convictions, including two recent felony convictions. These

convictions include a felony conviction for third-degree criminal sexual conduct in August 2016 in Hennepin County. Mr. Edwards' record also includes numerous misdemeanor and gross misdemeanor convictions.

8. Mr. Edwards' record of noncompliance with his supervision is voluminous. Mr. Edwards has numerous documented probation violations.

9. Mr. Edwards has a demonstrated record of failing to appear for prior criminal proceedings. Specifically, Mr. Edwards has failed to appear in court on at least twelve occasions.

10. The United States presented evidence that Mr. Edwards is not in compliance with his lifetime predatory offender registration requirements. According to his arrest report, at the time of his arrest, Mr. Edwards was not residing at any of his known residences and was not employed by the employer, Lake Region Storage, that he provided to his probation officer.

11. Mr. Edwards was on probation for two separate felony offenses at the time he allegedly committed the instant offense. He also was on probation at the time of his arrest, when he is alleged to have been found in possession of narcotics and driving on a cancelled license, allegedly in violation of the terms of his felony probation.

(Dkt. 32 at ¶¶ 1-11.)

Based on those Findings of Fact, the December 21 Order found:

Based on the record before the Court, including the exhibits presented at the hearing, the Pretrial Services bond report, and the arguments of counsel, and considering the factors outlined in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure Mr. Edwards' appearance as required for future proceedings, or the safety of the community should he be released pending trial.

(*Id.* ¶ 13.)

On January 21, 2021, Defendant was charged in a Superseding Indictment with one count of Conspiracy to Commit Arson in violation of 18 U.S.C. §§ 371 and 844(i), and a second count of aiding and abetting arson in violation of 18 U.S.C. §§ 2 and 844(i).

3

On March 12, 2021, Defendant filed a Motion to Address Issue of Detention. (Dkt. 90.) On March 15, 2021, the Court issued an Order directing Probation and Pretrial Services to provide a supplemental report and recommendation to the issue of detention and set a briefing schedule for the Motion. (Dkt. 91.) Probation and Pretrial Services filed its supplemental report and recommendation on March 17, 2021, in which it recommended continued detention based on risk of nonappearance and danger to the community. (Dkt. 94.) The Government filed its opposition to the Motion on March 17, 2021 (Dkt. 95) and Defendant filed a reply brief on March 22, 2021 (Dkt. 97).

On April 12, 2021, Defendant was arraigned on the Superseding Indictment. (Dkt. 108.) The Court heard argument on Defendant's Motion at the same time. (*Id.*)

## II.   ANALYSIS

**A.   Reopening of Detention under 18 U.S.C. § 3142(f)(2)**

As filed, Defendant's Motion sought a hearing to reopen the issue of detention, which the Court construes as a motion under 18 U.S.C. § 3142(f)(2). (Dkt. 90.)

Under the Bail Reform Act, a detention hearing may be reopened:

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B).

The purpose of the reopening provision of § 3142(f) is to allow parties to present new information that increases the likelihood a defendant would appear in court or decrease the potential danger a defendant poses to an individual or the community as a

4

whole. *See United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *2 (N.D. Texas Mar. 26, 2020) (quoting *United States v. Martin*, No. 13- 00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015)). "In other words, to reopen a detention hearing a defendant must, first, 'present [] information that was not known or available to him at the time of his original detention hearing,' and then, second, show that such information 'is material to and has a substantial bearing on whether he should remain detained.'" *United States v. Petters*, No. 08-364 (RHK/AJB), 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009) (quoting *United States v. Archambault*, 240 F. Supp. 2d 1082, 1084 (D.S.D. 2002)).

Defendant sought reopening and release based on the death of his aunt, who passed away a few days before the February 18, 2020 motion hearing. (*Id.* at 1.) Defendant, who has fourteen children, seeks release because his partner Dernesha Holliday, who is caring for six of his children, is currently injured from a gunshot she suffered last summer. (*Id.*) After Defendant's arrest in this case, his aunt was living with Ms. Holliday to help care for the children and assist Ms. Holliday. (*Id.* at 1-2.) Defendant's aunt's death has removed this support from Ms. Holliday's household. (*See id.*) In support of his Motion, Defendant filed an investigator's report summarizing a March 8, 2021 interview with Ms. Holliday (Dkt. 90-1), an interview with Defendant's mother (Dkt. 90-2), and a letter from Ms. Holliday's doctor (Dkt. 90-3). He requests release with GPS monitoring, increased supervision, and any other condition the Court would require to ensure his compliance with conditions. (Dkt. 90 at 2.)

The Government contends that a hearing is not warranted under § 3142(f)(2) because the death of Defendant's aunt and difficulty that Ms. Holliday is experiencing as a result do not constitute new information having any bearing on whether Defendant is a danger to the community or a flight risk if released. (Dkt. 95 at 1, 5-6, 9.) The Government argues that as to danger to the community and flight risk if released, "the record remains exactly as it was in December of 2020 when Mr. Edwards was first detained." (*Id.* at 6.)

In his reply, Defendant argues that his aunt's death "establishes stronger ties with his family and insurance that he will be focused on his children to the exclusion of all other distractions." (Dkt. 97 at 1.) Defendant further notes that "family ties" are specifically identified in the Bail Reform Act as information a court should take into account when determining whether a person should be detained pending trial. (*Id.* at 2 (citing 18 U.S.C. § 3142(g)(3).)

In view of Defendant's scheduled arraignment on the Superseding Indictment (*see* Dkt. 107), the Court decided to hear argument on the issue of reopening and release at the arraignment. Consequently, and without deciding whether the change in Defendant's family circumstances constitute information having a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community as required by § 3142(f)(2), the Court addresses Defendant's request for release in the next section.

**B.    Analysis under § 3142(g) Factors**

Pretrial detention is appropriate either upon a clear and convincing showing that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions will reasonably assure the defendant's appearance at future court proceedings. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Section 3142(g) sets forth the following relevant factors when determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community:

> (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2)    the weight of the evidence against the person;
>
> (3)    the history and characteristics of the person, including—
>
> (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Government argues that this is a rebuttable presumption case under 18 U.S.C. § 3142(e)(3)(C) because Defendant is charged in the Superseding Indictment with a second count for aiding and abetting arson in violation of 18 U.S.C. §§ 2 and 844(i). (Dkt. 95 at 6.)  Defendant does not dispute that this is a rebuttable presumption case, and the Court finds that this is a rebuttable presumption case.  *See* 18 U.S.C. § 3142(e)(3)(C) (establishing rebuttable presumption for certain charges, including those under 18 U.S.C. § 2232b(g)(5)(B), for which for which a maximum term of imprisonment of 10 years or more is prescribed); 18 U.S.C. § 2332b(g)(5)(B) (identifying 18 U.S.C. § 844(i)); 18 U.S.C. § 844(i) (sentence of imprisonment "for not less than 5 years and not more than 20 years").  The presumption is "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C § 3142(e)(3).  "'In a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'"  *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).  "'Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'"  *Id.* (quoting *Mercedes*, 254 F.3d at 436).

The Government also argues that nothing has changed that would disturb the conclusion in the December 21 Order that no condition or combination of conditions can

reasonably assure the safety of the community and that Defendant is a flight risk. (Dkt. 95 at 7-8.) According to the Government, the charged offenses and weight of the evidence remain the same. (*Id.* (citing 18 U.S.C. §§ 3142(g)(1)-(2).) The Government argues: "[Defendant's] record on supervision is dismal, with at least six probation/parole violations and revocations. In 2016, he raped a woman while choking her and then stole her car. He went on to harass and intimidate that victim while his girlfriend" (whom the Government believes is Ms. Holliday) "assaulted the victim." (Dkt. 95 at (citations and footnote omitted).) The Government further contends that Defendant recently held himself out as a member of a nationwide gang and is facing a five-year mandatory minimum sentence on the current charges. (*Id.* at 8.) Finally, the Government highlights Defendant's failures to appear. (*Id.*)

In his reply, Defendant disputes that he is a gang member and that he has nineteen failures to appear. (Dkt. 97 at 2.) He also argues that he has not had a state court warrant for missing court in five years, except for a recent missed appearance due to his detention at Sherburne County Jail.[1] (*Id.* at 3.) Defendant characterizes his arrests since 2016 as "traffic trouble" and states he has completed chemical dependency treatment. (*Id.*) Defendant asserts that he has remained in the Twin Cities during this period. (*Id.*) He

---

[1] There is an active felony warrant for Defendant in Hennepin County District Court. (Dkt. 94 at 3.) Defendant argues this does not support detention as, if released from federal custody, he will be able to go through court proceedings in that case. (Dkt. 97 at 3-4.) At the hearing, Defendant's counsel explained that she had attempted to coordinate a probation violation hearing for Defendant on that warrant but was unable to do so due to Defendant's detention in this matter and because he would not be appointed a lawyer in the Hennepin County matter until he made an appearance.

contends that he is not charged with starting a fire in this case. (*Id.* at 2.) Defendant argues that he suffers from increased anxiety and depression due to his aunt's death and the concern he has for his children as a result of the loss of his aunt's financial help, domestic aid, and emotional stability. (*Id.*) Defendant further argues that his detention prevents him from following through with other probationary obligations such as sex offender treatment and individual mental health therapy. (*Id.* at 3.) Finally, Defendant argues that he enjoys the presumption of innocence and is pursuing trial because he denies any action related to the fires that his co-defendants set and that GPS monitoring or release to a halfway house would allow him to continue his employment and pay the rent for his family, thus satisfying the goals of goals of public safety and adequately supporting his children. (*Id.* at 4.)

In its supplemental report and recommendation, Probation and Pretrial Services considered Defendant's proposed release plan, including placement in a halfway house and location monitoring, but recommended continued detention. (Dkt. 94 at 3.) This was based on Defendant's "recent history of non-compliance and lack of positive adjustment to supervision," as well as Defendant's recent convictions for Driving While Intoxicated, Driving While Intoxicated on two occasions, Third Degree Criminal Sexual Conduct-Force or Coercion, and Driving After Cancellation-Inimical to Public Safety. (*Id.* at 2.)

The Court first addresses Defendant's argument based on the presumption of innocence. "It is important to note that, when determining the conditions of release, the judicial officer must maintain the presumption of innocence of the presentencing defendant." *Moreland v. United States*, 968 F.2d 655, 660 n.9 (8th Cir. 1992). Indeed,

10

the Bail Reform Act specifically provides: "Nothing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). Accordingly, while the Court maintains the presumption of innocence in this analysis, the Bail Reform Act requires the Court to consider the factors set forth in § 3142(g) when deciding the issue of detention notwithstanding that presumption.

The Court next addresses the December 21 Order, which recommended detention based both on danger to the community and risk of nonappearance. (Dkt. 32.) The factual findings in the December 21 Order include that: "[t]here is substantial evidence that Mr. Edwards was involved in the alleged conduct in the indictment"; Defendant has "numerous documented probation violations"; Defendant has "numerous prior criminal convictions, including two recent felony convictions"; at the time of his arrest, Defendant was not in compliance with his lifetime predatory offender registration requirements, nor was he living at any of the his known residences or employed by the employer he had provided to his Hennepin County probation officer; and Defendant was "on probation for two separate felony offenses at the time he allegedly committed the instant offense" and "on probation at the time of his arrest, when he is alleged to have been found in possession of narcotics and driving on a cancelled license, allegedly in violation of the terms of his felony probation." (Dkt. 32 ¶¶ 5-11.) Defendant has not disputed any of those findings, nor has he presented any evidence that those findings were incorrect.[2]

---

[2]  Although Defendant argues that he is not a gang member, he does not have nineteen failures to appear, and his post-2016 criminal history involves simply "traffic trouble" (Dkt. 97 at 2-3), the December 21 Order does not rely on any alleged gang membership or misstate his post-2016 criminal history, and finds that he has "at least

Rather, Defendant argues that the death of his aunt and the difficulties it has caused for his partner and his children provide him with even more incentive to comply with any conditions of release and that his detention prevents him from following through with other probationary obligations such as sex offender treatment and individual mental health therapy.  (Dkt. 97 at 2-3.)  He also argued at the hearing that his failures to appear were not intentional, but instead occurred because he was detained elsewhere.  Finally, Defendant argued at the hearing that he was not a risk of flight because he had nowhere to go.

Having considered the relevant information, the Court concludes that Defendant has rebutted the presumption with respect to risk of nonappearance based on his close family ties in the Twin Cities and his residence since at least 2016 in the Twin Cities.  However, the Court finds that Defendant has not rebutted the presumption with respect to danger to the community.

Further, notwithstanding any rebuttable presumption, the Court finds by clear and convincing evidence that there are no conditions or combinations of conditions that can reasonably assure the safety of the community and by a preponderance of the evidence that there are no conditions or combinations of conditions that can reasonably assure Defendant's appearance at future court proceedings if he were released.  The Court recognizes the pain caused by the loss of a close family member, and is sympathetic to

---

twelve" (not nineteen) failures to appear (*see* Dkt. 32).  The Court therefore understands these arguments to be responsive to the Government's opposition brief rather than a challenge to the December 21 Order.

the difficulties the loss of Defendant's aunt has caused for his family. Nevertheless, the information available as to the § 3142(g) factors is essentially the same as it was in December 2020, and the findings in the December 21 Order are unchallenged. Moreover, Probation and Pretrial Services considered Defendant's proposed release plan in view of his aunt's death, including location monitoring and placement in a halfway house, and continue to recommend detention. (Dkt. 94 at 3.) The Court has carefully considered Defendant's arguments as to the emotional impact that his aunt's death has caused for him and his family. However, in view of Defendant's history of non-compliance with supervision, failure to comply with his lifetime predatory offender registration requirements, the fact that he appears to have inaccurately reported his residence and employment to his Hennepin County probation officer and Probation and Pretrial Services, the seriousness of the charged offense and weight of the evidence, and his criminal history, the Court concludes that detention is appropriate based on risk of nonappearance and danger to the community.

### III.   ORDER

Accordingly, based on the files, records, and proceedings herein, **IT IS ORDERED THAT:** Defendant's Motion to Address Issue of Detention (Dkt. 90) is **DENIED AS MOOT** insofar as the Court heard argument on the issue of detention at Defendant's arraignment on April 12, 2021 and **DENIED** insofar as it seeks release.

DATED: April 14, 2021                                       *s/Elizabeth Cowan Wright*
                                                                              ELIZABETH COWAN WRIGHT
                                                                              United States Magistrate Judge

13