UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 20-CR-0282(2) (PJS/ECW)
                                             Case No. 24-CV-1844 (PJS)
                    Plaintiff,

v.                                                          ORDER

VICTOR DEVON EDWARDS,

                    Defendant.

---

Defendant Victor Edwards was convicted by a jury of one count of rioting in violation of 18 U.S.C. § 2101(a) and one count of arson in violation of 18 U.S.C. §§ 844 and 2. ECF Nos. 152, 428. The Court sentenced Edwards to concurrent terms of 60 months on the riot charge and 100 months on the arson charge. ECF No. 428. The United States Court of Appeals for the Eighth Circuit affirmed Edwards's conviction and sentence on direct appeal. ECF No. 273.

This matter is before the Court on several motions from Edwards: (1) a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i); (2) two motions for a status hearing or update concerning his § 3582(c)(1)(A)(i) motion; (3) a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255; and (4) a motion "requesting case status" concerning his § 2255 motion. For the reasons that follow, the motions are denied.

*A. Section § 3582(c)(1)(A)(i)*

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Section 1B1.13 recognizes a number of grounds for granting a sentence reduction, including medical circumstances; advanced age; the death or incapacity of the sole caregiver for a vulnerable family member; and sexual or physical abuse committed by or at the direction of prison officials or employees.

Edwards's motion mentions a number of possible grounds for his motion, beginning with his health. He submitted a few medical records from 2022 indicating that he is being treated for diabetes and hypertension and takes medications used to treat anxiety and other mental-health conditions. ECF No. 465-1. The records do not support his contention that his conditions are not being adequately treated, however, nor that his ability to care for himself has been "substantially diminishe[d]." *See* U.S.S.G. § 1B1.13(b)(1)(B), (C). The illnesses described by Edwards are common among federal prisoners, and often treated by the Bureau of Prisons. The Court sees no basis to

find that Edwards's medical condition is an extraordinary or compelling reason to grant a sentence reduction.

Edwards next argues that there is an unwarranted disparity between his 100-month sentence and that of other defendants, including his codefendant who received a 33-month sentence. The Court does not find this to be a particularly convincing ground for compassionate release. To begin with, it is not among the enumerated grounds listed in § 1B1.13, which the Court is statutorily charged with applying. 18 U.S.C. § 3582(c)(1)(A) (sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission"). While there is a specific subsection permitting reductions in cases of an "unusually long sentence," that subsection requires that (1) the defendant has served at least 10 years in prison and (2) there has been a change in the law that produces a "gross disparity" between the defendant's sentence and the sentence he likely would have received at the time he filed his motion for a sentence reduction. U.S.S.G. § 1B1.13(b)(6). Neither of these prerequisites are met in this case.

Setting that aside, the disparity between Edwards's sentence and that of his codefendant is neither grossly disparate nor unwarranted. Edwards's codefendant pleaded guilty to conspiracy to commit arson, which carries a 5-year maximum sentence. ECF No. 70. He was convicted of one crime, and he accepted responsibility

for that crime by pleading guilty.  Edwards rejected not one, but *two* similar plea

agreements.  *See* ECF No. 219 at 47–50.[1]  Edwards then went to trial and was convicted

of two crimes—rioting and arson—the latter of which carries a 5-year mandatory

minimum and a 20-year maximum sentence.  *Id.* at 49.  In addition, Edwards's criminal

history—with 15 criminal-history points, a sexual assault, and numerous unscored

offenses—is far more extensive and serious than that of his codefendant, who had

5 points.  *Compare* ECF No. 190 at 19–21 *with* ECF No. 122 at 11; *see also* ECF No. 216 at

15–16.  In addition, having reviewed the record, the Court does not agree that

Edwards's codefendant is appreciably more culpable than Edwards.  *See* ECF No. 216 at

23–25.  And finally, this disparity was brought to the Court's attention at Edwards's

sentencing; in fact, it was the centerpiece of his counsel's argument for a lower sentence.

ECF No. 216 at 8–12.  The Court rejected the argument, *id.* at 27–28, and Edwards has

not persuaded the Court that it was mistaken.

As for other cases to which Edwards compares his case:  In large part, the

defendants in those cases were convicted of different crimes or there were other factors

that distinguish them from this case, such as advanced age, *United States v. Minicone*, 521

F. Supp. 3d 163, 169 (N.D.N.Y. 2021), the COVID-19 pandemic, *see id.*; *United States v.*

---

[1]When citing documents by ECF number, the Court cites the electronically
generated pagination at the top of the page.

*Adams*, 512 F. Supp. 3d 901, 911 (E.D. Mo. 2021), or being the only available caregiver for an ailing relative, *United States v. Ziegler*, No. 0:20-CR-00188-SRN, 2023 WL 5769448, at *4–5 (D. Minn. Sept. 7, 2023). The Court therefore rejects Edwards's contention that the length of his sentence, or any perceived sentencing disparity, would justify a reduction.

Edwards mentions other potential bases for reducing his sentence, such as claims that his conviction and sentence are unconstitutional, that he is rehabilitated, and that he is not a danger to the community. Edwards does not explain the nature of his constitutional claims, and at any rate such a claim is properly the subject of a motion under 28 U.S.C. § 2255, which Edwards has separately filed. And even assuming that Edwards is rehabilitated and no longer a danger to the community—something the Court doubts—these grounds are not sufficient by themselves to warrant a sentence reduction. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d).

In short, none of the circumstances Edwards cites, either alone or in combination, constitute an extraordinary and compelling reason that would warrant a reduction in his sentence. His motion for a sentence reduction under § 3582(c)(1)(A)(i) is therefore denied.[2]

---

[2]As noted, Edwards filed two motions for a status hearing or update concerning his § 3582(c)(1)(A)(i) motion. *See* ECF Nos. 466, 471. His most recent motion seeks appointment of counsel. ECF No. 471. (His earlier motion alludes to a previously filed motion for appointment of counsel, *see* ECF No. 466, but Edwards had not yet filed such a motion.) As Edwards did not come close to identifying a valid basis for granting a

(continued...)

B. *Section 2255*

1. Procedural History

Edwards mailed his § 2255 motion on May 9, 2024. ECF No. 455-2. Upon review, the Court noted that the motion repeatedly directed the Court to "See Memorandum In Support" of various listed grounds. *See, e.g.*, ECF No. 455 at 4. No memorandum accompanied Edwards's motion, however. After waiting a few weeks for the memorandum to follow, the Court issued an order requiring Edwards to file a memorandum in support of his motion on or before July 17, 2024. ECF N. 457. The Court noted that, without a supporting memorandum, much or all of Edwards's motion would likely be subject to summary denial. *Id.*

A couple of weeks later, Edwards filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which the Court denied. ECF Nos. 458, 460. Edwards then filed a motion to stay the § 2255 proceedings pending rulings on his § 3582(c)(2) motion and a motion for a sentence reduction under § 3582(c)(1)(A)(i). ECF No. 459. The Court denied the motion for a stay, noting that it had already denied Edwards's § 3582(c)(2) motion and that Edwards had not (yet) filed a motion under § 3582(c)(1)(A)(i). ECF No. 461. The Court further noted that, even if Edwards had filed a § 3582(c)(1)(A)(i) motion, the Court would not stay the § 2255 proceedings, as Edwards's § 2255 motion

---

[2](...continued)
§ 3582(c)(1)(A)(i) motion, his motion for appointment of counsel is denied.

had been pending since May and the Court was not willing to indefinitely delay its

ruling. *Id.*

On July 24, 2024—a week past the deadline for submission of his § 2255

memorandum—Edwards mailed a motion for a 60-day extension.  ECF No. 462.  The

Court granted the motion, extending the deadline to September 17, 2024.  ECF No. 464.

As before, the Court warned Edwards that, if he failed to file a memorandum on or

before September 17, the Court would treat his current filing as a complete § 2255

motion and would review it under Rule 4 of the Rules Governing § 2255 Proceedings.

*Id.*  The Court also warned Edwards that no further extensions would be granted.  *Id.*

Edwards did not file a § 2255 memorandum by the deadline.  He did, however,

file a § 3582(c)(1)(A)(i) motion for sentence reduction, ECF No. 465, as well as several

requests for status updates and other relief, ECF Nos. 466, 468, 471.  In a recent request,

Edwards asked for a 30-day extension to file his § 2255 memorandum.  ECF No. 468.

That request is denied.  Edwards had four months in which to file a

memorandum in support of his § 2255 motion.  In its most recent order granting an

extension, the Court noted that no further extensions would be granted.  Rather than

filing a memorandum by the September 17 deadline, Edwards filed a motion for a

sentence reduction under § 3582(c)(1)(A)(i).  He mailed his current request for an

extension on October 22, more than a month after the September 17 deadline.  ECF No.

468-2.  In the motion, he refers to the circumstances that prompted his original request

for an extension, but he does not claim that they prevented him from meeting the

extended deadline, and his ability to file a § 3582(c)(1)(A)(i) motion in the meantime

would belie any such claim.  He also attached a number of prison bulletins announcing

various visitation and other restrictions, but given the nature of the restrictions at issue,

none of them account for Edwards's failure to meet the September 17 deadline.

Accordingly, as the Court previously informed Edwards, the Court will treat his

current filing as a complete § 2255 motion and review it under Rule 4 of the Rules

Governing § 2255 Proceedings.[3]

## 2.  Edwards's Claims

### a.  Ineffective Assistance of Counsel

Edwards raises four (partially overlapping) claims of ineffective assistance of

counsel: (1) his counsel was ineffective for not challenging the validity of the indictment

based on the lack of evidence; (2) his counsel was ineffective for failing to investigate

---

[3]The Court notes that, due to conflicts in the undersigned's schedule, Judge Joan Ericksen conducted the trial, and (with the consent of the parties) the undersigned imposed the sentence.  Accordingly, the Court intended to determine whether to refer Edwards's § 2255 motion to Judge Ericksen by reviewing Edwards's anticipated memorandum.  *Cf.* Rule 4(a) of the Rules Governing § 2255 Proceedings (requiring that the clerk forward the motion to "the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged").  As Edwards never filed a memorandum, and as his motion is almost wholly conclusory, the undersigned will address the motion in its entirety.

and question exculpatory witnesses and the law-enforcement officers that identified Edwards; (3) his counsel was ineffective for failing to file a motion to dismiss the indictment for insufficient evidence; and (4) his counsel was ineffective for failing to seek a downward departure or variance on the basis of diminished capacity.

Edwards's motion fails to set out any facts in support of any of these claims or elaborate on his arguments in any way. He does not explain why he believes the indictment was not supported by sufficient evidence. Even if he had, his attorney was clearly not unreasonable in failing to challenge the indictment because "an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999). To the extent that Edwards may be contending that his counsel was ineffective for failing to challenge the sufficiency of evidence at trial, again, he does not explain why he believes the evidence was insufficient. (Setting that aside, a review of the trial transcript shows that the evidence was clearly sufficient. *See* ECF No. 216 at 25 (noting that the evidence against Edwards was "overwhelming and left no doubt about his guilt").)

Likewise, Edwards does not identify any exculpatory witness that his counsel should have interviewed nor describe any line of inquiry that his counsel failed to pursue when cross-examining witnesses at trial. *See Saunders v. United States*, 236 F.3d 950, 952–53 (8th Cir. 2001) (defendant could not show that he was entitled to relief on

the basis that his attorney failed to call defense witnesses where defendant failed to allege the identity of the witnesses or the substance of their testimony).

Finally, Edwards does not explain what facts would have supported a downward departure or variance on the basis of diminished capacity.  Notably, Edwards's counsel did, in fact, move for a departure on the basis of his mental-health issues.  ECF No. 216 at 6.  Although the Court denied that motion, the Court did take Edwards's mental-health issues into account as a mitigating factor.  *See id.* at 26–27.  It is highly unlikely that recasting this argument as a motion for a downward departure on the basis of diminished capacity would have made any difference, and the Court sees no other basis for a diminished-capacity motion.

Edwards has therefore failed to show either that his counsel was ineffective or that any such ineffectiveness prejudiced him.  *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (to prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's representation was objectively unreasonable and that he was prejudiced by it); *cf. Saunders*, 236 F.3d at 953 (defendant's vague allegations were insufficient to entitle him to an evidentiary hearing on his § 2255 motion).

*b. Remaining Claims*

In an attachment to his § 2255 motion, Edwards lists several other grounds, reproduced here in their entirety: "Prosecutorial Misconduct Pretrial/Trial Grand Jury and Misleading Jury Video"; "Judicial Misconduct allowing evidence"; and "Sentencing Disparity why not develop record during ATF test[imony] about Pet[itioner's] minor role in offense."  ECF No. 455-1.

These brief references to possible bases for attacking his conviction and sentence are patently insufficient to require an evidentiary hearing, much less justify any relief. *Saunders*, 236 F.3d at 953; *Lewis v. United States*, 585 F.2d 915, 917 (8th Cir. 1978) (a § 2255 motion must allege facts that, if true, would entitle the defendant to relief).  Edwards does not explain what misconduct the prosecutor allegedly engaged in or what was misleading about the jury video.  He does not describe what evidence was admitted erroneously, nor does he describe why the admission of such evidence constituted judicial misconduct (as opposed to the kind of mistake that judges routinely make).  And he does not explain what facts could have been developed that would have shown that he played a minor role in the offense.  Edwards's § 2255 motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    Defendant Victor Edwards's motion to vacate, set aside, or correct his

      sentence under 28 U.S.C. § 2255 [ECF No. 455] is DENIED.

2.    No certificate of appealability will issue.

3.    Defendant's motion for a sentence reduction under 18 U.S.C.

      § 3582(c)(1)(A)(i) [ECF No. 465] is DENIED.

4.    Defendant's motions for a status hearing,  requesting case status, and

      requesting appointment of counsel [ECF Nos. 466, 468, 471] are DENIED.

5.    The Clerk of Court is directed to mail defendant a copy of the docket sheet

      for Case No. 20-CR-0282(2).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 12, 2024                 _____
                                          Patrick J. Schiltz, Chief Judge
                                          United States District Court